1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KRISTEN SCHERTZER, et al., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BANK OF AMERICA, N.A, et al.,

Defendants.

Case No.:  19cv264 JM(MSB)

**ORDER ON MOTION TO SEVER**

Presently before the court is Defendant Cardtronics, Inc.'s ("Cardtronics") Motion to Sever.  (Doc. No. 118.)  The motion has been fully briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

**Procedural and Factual Background**

On February 5, 2019, Plaintiffs Kristen Schertzer, Meagan Hicks and Brittany Covell initiated this proposed (or putative) class action by filing suit.  (Doc. No. 1.) Plaintiffs brought this putative class action case, on behalf of themselves and all others similarly situated, against Bank of America, N.A., Cardtronics, FCTI, Inc., and Cash Depot Ltd. (collectively "Defendants")  essentially  claiming  deceptive,  misleading,  and

1

unwarranted practices have been employed in the charging and collecting of bank balance inquiry fees.

On May 31, 2019, a second amended complaint ("SAC") was filed alleging original jurisdiction under the Class Action Fairness Act ("CAFA") of 2005, 28 U.S.C. § 1332(d), and setting forth a total of thirteen claims against the defendants individually and collectively.  (Doc. No. 56, "SAC".)  On March 4, 2020, this court granted Defendants' motions to dismiss with leave to amend.  (Doc. No. 94.)

On March 24, 2020, the third amend complaint ("TAC") was filed, again claiming original jurisdiction under CAFA.  (Doc. No. 96.)  It alleges claims for: (1) violation of California's Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et seq*; (2) breach of the covenant of good faith and fair dealing; and (3) unjust enrichment.  (*Id.* at 34-43[1].)

The allegations in the TAC can be divided into two categories.  First, Plaintiffs assert that the independent Automatic Teller Machine ("ATM") operators Cardtronics, Cash Depot, Ltd. ("Cash Depot"), and FCTI, Inc., ("FCTI"), (collectively, the "ATM Defendants") deceptively, unlawfully and systematically maximize the number of out-of-network ("OON") ATM balance inquiries bank accountholders performed by placing misleading representations on the screens and on signs at ATMs they operate regarding the fees that would be charged for balance inquiries.  (TAC ¶¶ 1, 3, 4, 15, 16, 18-20, 29, 30-44, 47-53, 55-67, 127-130, 138-143, 151-155.)  Second, Plaintiffs allege Bank of America ("BofA") charged its customers unwarranted fees for OON ATM balance inquiries. (*Id.* ¶ 2, 5, 6, 15, 16, 69-80, 159-167.)

Plaintiff Schertzer seeks to represent the "California Cardtronics Class" consisting of:

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

All holders of a checking account in California who, within the applicable statute of limitations preceding the filing of this lawsuit, were assessed one or more out-of-network balance inquiry fees for purportedly undertaking a balance inquiry as part of a cash withdrawal at a CARDTRONICS ATM.

*Id.* at ¶ 106. All three Plaintiffs seek to represent a Nationwide BofA class and a California sub-class of BofA checking account holders who were assessed one or more fees for undertaking a balance inquiry as part of a cash withdrawal at a Cardtronics, FCTI or Cash Depot ATM. (*Id.* at ¶¶ 109, 110.)

On September 28, 2020, this court granted in part and denied in part the four dismiss filed separately by Defendants FCTI, Cash Depot, Cardtronics, and BofA. (Doc. Nos. 97, 98, 99, 100, 109.)

On November 16, 2020, Cardtronics filed a motion to sever the claims of Plaintiff Schertzer into a separate proceeding pursuant to Federal Rules of Civil Procedure 20 and 21. (Doc. No. 118.) Plaintiff Schertzer timely filed her opposition (Doc. No. 121) and Cardtronics filed its reply (Doc. No. 122).

## Legal Standard

Federal Rule of Civil Procedure 20 permits joinder of defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).

Under Rule 21 of the Federal Rules of Civil Procedure, a court is authorized to exercise its discretionary power and may sever parties. Specifically, Rule 21 provides: "on motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21. This discretion is broad, and "[t]he court may sever the claims against a party in the interest of fairness and judicial economy and to avoid prejudice, delay or expense." *Apple Inc. v. Wi-LAN Inc.*,

No. C 14-2838, 2014 WL 4477362, at *3 (N.D. Cal. Sept. 11, 2014) (citing *Coleman*, 232 F.3d at 1296-97).

**Discussion**

Courts within this district commonly consider the following five factors when deciding whether to sever a claim:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.

*Grano v. Sodexo Mgm't Inc.*, No. 18-cv-01818, 2020 WL 2111898, at * 7 (S.D. Cal. May 4, 2020); *accord Czuchaj v. Conair Corp.*, No. 13-cv-01901, 2016 WL 4216686, at * 2 (S.D. Cal. Aug. 10, 2016) (citing *Anticancer, Inc. v. Pfizer Inc.*, No. 11-cv-107, 2012 WL 1019796, at * 1 (S.D. Cal. Mar. 26, 2012)).

Cardtronics requests the court sever the claims of Plaintiff Schertzer into a separate proceeding arguing: (1) the three ATM Defendants are not just separate companies, but competitors; (2) Schertzer's claims regarding Cardtronics have no facts in common with the other Plaintiffs' claims about the other ATM Defendants; (3) Schertzer's claims against BofA do not involve Cardtronics; and (4) Plaintiffs propose to represent four unrelated classes. (Doc. No. 118-1 at 8-13.) Further, Cardtronics specifically addresses each of the five factors. First, it argues that Schertzer's claims differ from the other Plaintiffs' similar claims because the ATM screen prompts were different and involve different facts. (*Id.* at 16-18.) Cardtronics also asserts that Schertzer does not allege a common scheme or business plan between itself and the other ATM Defendants, nor that they would be liable for each other's claims in this lawsuit. (*Id.* at 18.) Relatedly, Cardtronics maintains that the claims against it involve different transactions than the claims against BofA. (*Id.* at 19-20.) Second, Cardtronics argues that Schertzer's claims present no common questions of law or fact. (*Id.* at 21-22.) Third, it contends that severance would promote judicial

4

economy because "keeping the unrelated claims together created no efficiencies," discovery is unrelated, and no efficiency is gained by trying all four cases together.  (*Id*. at 23.)  Fourth, Cardtronics asserts that it will be prejudiced by litigating four unrelated class actions because this requires additional effort, generates greater expense, risks confusion among class members, inevitably causes jury confusion and, depending on what the facts ultimately show, could create "guilt by association."  (*Id*. at 23-25.)  Further, to support its position, Cardtronics argues that Schertzer would not be prejudiced by severance of her claims given the posture of this case.  (*Id*. at 25-26.)  Finally, Cardtronics argues that the fifth factor supports severance because Schertzer's claims against it involve different witnesses and proof.  (*Id*. at 26.)

Taking the opposing position, Schertzer begins by countering that her claims against BofA and Cardtronics arise out of the same transaction and occurrence, arguing that although all three Plaintiffs' claims involve different ATM Defendants, severance would be inappropriate because they "implicate the same series of transactions and process of BofA in failing to define the term 'Balance Inquiry', and then assessing OON fees for balance inquiries that customers did not consent to at out-of-network ATM machines." (Doc. No. 121 at 5.)  Schertzer also maintains that her claims present common questions of law and fact, that the damages asserted against BofA and Cardtronics are inextricably tied together, and interpreting the assessment of OON fees and the BofA customer agreement are common questions.  (*Id*. at 6-7.)  Next, Schertzer argues that her claims against Cardtronics and BofA include substantially the same discovery, witnesses, and documents – including: (1) fact and expert discovery related to screen prompts and how they are perceived by customers and: (2) the process of determining the amount of interchange fees.  (*Id*. at 7.)  Further, Schertzer contends that Cardtronics' arguments regarding prejudice are premature and are merely conjecture.  (*Id*. at 8.)  Finally, she asserts that judicial efficiency will be facilitated by allowing all of Plaintiffs' claims to proceed together.  (*Id*. at 8-9.)

The court finds Schertzer's argument to be the more persuasive.[2]  On June 1, 2018, Schertzer used her BofA ATM Payment Card at a Cardtronics ATM located at 645 Market St., San Diego, California, 92101, to withdraw $60, for which she was charged a total of $8.75 in fees – $3.75 cash withdrawal fee by Cardtronics, $2.50 OON fee by BofA for making a balance inquiry and $2.50 by BofA for making a cash withdrawal.  (TAC ¶¶ 81, 84.)  Based on these allegations, the court finds that there is a logical relationship between Schertzer's claims against BofA and Cardtronics.   In other words, there is enough "similarity in the factual background of the claim."  *Jacques v. Hyatt Corp.*, No. C11- 05364 WHA, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012).  And, BofA's position regarding the discovery overlap[3] also tilts against severance.  Based on the court's knowledge of all of the claims, two separate cases will not result in judicial economy – it will produce the opposite and result in inefficiency, overlap of witnesses, issues of fact and law and defenses and will produce a significant amount of extra work.  As to prejudice, the court is satisfied that any jury confusion can be properly mitigated with the appropriate instructions and is outweighed by the greater prejudice to the remaining parties if the case is severed.   As to common witnesses and documentary proof, neither Cardtronics nor Schertzer have provided anything beyond conclusory statements regarding this factor.  In

---

[2] Although Cardtronics has submitted a declaration (*see* Doc. No. 118-2) disputing the allegations in the complaint surrounding the relationship between the OON withdrawal fees and any fees BofA purportedly pays the ATM Defendants as evidence that its case should be severed from the other Plaintiffs' claims, on the limited record before it, the court is unwilling to make such a determination at this stage of the litigation.

[3] Defendant BofA also filed a response to Cardtronics' motion stating that it "defers to the Court on how to manage its case and whether to sever Cardtronics," although it did anticipate some discovery overlap between itself and the ATM Defendants and thought that either formal or informal coordination would be warranted to "streamline and avoid duplication of these efforts."  (Doc. No. 120 at 2.)

sum, Cardtronics has failed to show that it is entitled to severance pursuant to Federal Rules 20(a)(2) and 21.

### Conclusion

For the reasons set forth above, the court **DENIES** Defendant Cardtronics' motion to sever.  (Doc. No. 118.)

IT IS SO ORDERED.

Dated:  April 13, 2021

_____
Hon. Jeffrey T. Miller
United States District Judge

19cv264 JM(MSB)