UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  19cv264 JM(MSB)<br><br>**ORDER ON MOTION TO SEAL AND EX-PARTE MOTION TO INTERVENE** |

　　　　When Plaintiffs Kristen Schertzer, Meagan Hicks and Brittany Covell initially filed their motion for class certification[1], they sought to seal portions of the Memorandum of Points and Authorities in Support of their Motion for Class Certification and 43 accompanying exhibits simply because Defendants had designated certain information as "CONFIDENTIAL" and for "ATTORNEYS' EYES ONLY." (Doc. No. 196.) The court denied the motion without prejudice because the request was neither narrowly tailored nor sufficiently justified. (Doc. No. 206.) In its order, the court informed Plaintiffs that they could re-apply for a sealing order on or before November 1, 2021. (*Id*.) This

---

[1] When the initial motion to seal was filed on October 15, 2021, Cardtronics was still a defendant in this action.

1

court also informed Plaintiffs that, should they elect to do so, they must meet and confer with Defendants and agree on the narrowest possible sealing order. (*Id.*)

Clearly the court's instructions were followed with limited success. Plaintiffs successfully met and conferred with Bank of America, who have now conceded that documents previously lodged under seal may be filed publicly. (Doc. No. 208 at 2; Doc. No. 208-4.) Meet and confer efforts with two of the other concerned parties did not fare so well. (Doc. No. 208 at 2-3; *see also* Doc. No. 208-1.) Cardtronics, Inc., continues to stand by its position that 32 of the exhibits attached to the class certification motion need to be filed under seal. (*See* Doc. No. 207-1 at 4-5; Doc. No. 207-2; Doc. No. 208-3; Doc. No. 208-5.) Defendant FCTI has not responded to Plaintiffs' meet and confer efforts. (Doc. No. 208 at 3; Doc. No. 208-6.) The result being that the court is now presented with a renewed Motion to Seal from Plaintiffs, (Doc. No. 208), and an *ex-parte* Motion to Intervene filed by Cardtronics, Inc., (Doc. No. 207) related to Plaintiffs' Motion to seal. Plaintiffs oppose the *ex-parte* application. (Doc. No. 209). Both motions were filed on November 1, 2021.

The court spent considerable time reviewing each of the exhibits in question[2] and does not find the vast majority of the exhibits worthy of sealing simply because they were designated: "CONFIDENTIAL" and for "ATTORNEYS' EYES ONLY" during discovery. *See, e.g., Wasito v. City of San Diego*, No. 19-CV-2395 JLS (JLB), 2019 WL 6877554, at *2 (S.D. Cal. Dec. 16, 2019) (quoting *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). ("Any order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected.") The fact that some of the documents may contain admissions, embarrassing statements or material regarding the potentially confusing effects surrounding the usage of better balance inquiry prompts

---

[2] The court declines to review an entire deposition transcript to determine what parts are sealable, although common sense dictates that not everything Mr. David McCrary said warrants sealing the entire transcript of this Rule 30(b)(6) deposition.

provides no basis for sealing. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). Furthermore, the argument for sealing such information grows less persuasive as a majority of the documents were generated between four to six years ago. *See, e.g., FTC v. Abbvie Prods. LLC*, 713 F.3d 54, 69 (11th Cir. 2013) (affirming unsealing of financial information because risk of business injury was "ameliorated over time."); *Pac. Marine Propellers, Inc. v. Wartsila Def., Inc.*, No. 17-cv-555-L-NLS, 2018 WL 6601671, *2 (S.D. Cal. Dec. 14, 2018) (motion to seal denied because "[d]efendants have not shown why this outdated [financial] information would have any effect on [its] competitive standing at the present").

However, out of an abundance of caution, this court will allow the sealing of four exhibits because they contain sensitive business and financial information that could be viewed as proprietary and/or confidential. Accordingly, the Clerk of Court is ordered to file the following under seal:

- Document Number 198-20, lodged under seal as document number 197-8.
- Document Number 198-28, lodged under seal as document number 197-15.
- Document Number 198-33, lodged under seal as document number 197-20.
- Document Number 198-59, lodged under seal as document number 197-40.

All other documents are to be filed on the public docket in unredacted form by *November 5, 2021*. Furthermore, the court finds it unnecessary to redact such a large portion of the points and authorities related to Plaintiffs' class certification. Accordingly, Plaintiffs have until *November 5, 2021,* to refile the public version of their motion for class certification, redacting **only** those portions necessary to comport with this order.

In accordance with the foregoing, Plaintiffs' motion to seal is **GRANTED IN PART** and **DENIED IN PART**. (Doc. No. 208.) Further, Cardtronic Inc,'s *ex parte* motion to intervene is **DENIED**. (Doc. No. 207.)

1  The parties are advised that the court expects the parties to meaningfully meet and
2  confer, and narrowly tailor, before filing, any future requests to seal.
3      IT IS SO ORDERED.
4  Dated: November 3, 2021

                                        Hon. Jeffrey T. Miller
                                        United States District Judge