UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER, et al., on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A, et al.,<br><br>               Defendants. | Case No.:  19cv264 JM(MSB)<br><br>**ORDER ON JOINT MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(2)** |

On November 8, 2021, Plaintiff Meagan Hicks ("Hicks") and Defendant Bank of America, N.A. ("BofA"), filed a Joint Motion for Voluntary Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2).  (Doc. No. 213.)  The motion requests that only Plaintiff Hicks' claims against Defendant BofA be dismissed with prejudice, while the claims she purported to bring on behalf of the putative class be dismissed without prejudice. The motion then states that the "joint motion does not affect the claims of Plaintiffs Brittany Covell and Kristen Schertzer against BofA and those of Covell against Defendant FCTI, Inc." (*Id.* at 2.)

It is unclear from the wording of the motion, or the filings currently on the docket, what the parties' intention is regarding the BofA class.  The operative third amended complaint ("TAC") identifies all three Plaintiffs as bringing the BofA class on behalf of:

All BofA checking account holders in the United States who, within the applicable statute of limitations, were assessed one or more fees for purportedly undertaking a balance inquiry as part of a cash withdrawal at a Cardtronics, FCTI or Cash Deport ATM. (the "National BofA Class.")

All BofA checking account holders in California who, within the applicable statute of limitations, were assessed one or more fees for purportedly undertaking a balance inquiry as part of a cash withdrawal at a Cardtronics, FCTI or Cash Depot ATM. (the "California BofA Class.")

Doc. No. 96 at ¶ 110.

But the pending motion for Class Certification provides two completely different BofA Classes and identifies only Plaintiffs Schertzer and Covell as representing the class.

BofA-Cardtronics Class – All Bank of America, N.A., checking account holders in the United States who since February 5, 2015, were assessed an out-of-network fee for an invalid balance inquiry prior to a cash withdrawal at a Cardtronics, Inc. ATM machine.

BofA-FCTI Class – All Bank of America, N.A., checking account holders in the United States who since May 1, 2018 were assessed two (2) out-of-network fees for a single balance inquiry undertaken at FCTI, Inc.'s ATM machines located in 7-Eleven stores.

Doc. No. 198-1 at 15; Doc. No. 212-1 at 20.

Plaintiffs have not sought leave to amend their complaint to narrow the class definitions, and the deadline to amend has now passed. (*See* Doc. No. 126.)  Generally, courts are bound by class definitions provided in the complaint, although courts within this district agree that plaintiffs may properly narrow the class definition at the certification stage.  *See, e.g., Bee, Denning, Inc., V. Capital All. Grp*. 310 F.R.D. 614, 621 (S.D. Cal. 2015) ("The primary exception to this principle [that the court is bound by the complaint] is when a plaintiff proposes a new class definition that is narrower than the class definition originally proposed, and does not involve a new claim for relief.").

19cv264 JM(MSB)

Under the definition provided in the TAC, Hicks may move to dismiss the claims brought against BofA on behalf of the entire putative classes, the result being that only Schertzer's and Covell's individual claims remain.  The court is not sure that this was what the parties intended.  Until the court receives clarification from the parties regarding the request to dismiss the claims brought on behalf of the putative class by Hicks (and what would remain of the action in terms of parties and claims), the joint motion is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:  November 9, 2021

_____
Hon. Jeffrey T. Miller
United States District Judge

19cv264 JM(MSB)