UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER, et al., on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A, et al.,<br><br>          Defendants. | Case No.: 19cv264 JM(MSB)<br><br>**ORDER ON PLAINTIFFS' EX PARTE APPLICATION RECONSIDERATION OF THE COURT'S ORDER DENYING PLAINTIFFS' MOTION TO FILE EXHIBITS UNDER SEAL OR, IN THE ALTERNATIVE, FOR RELIEF PURSUANT TO FED. R. CIV. P. 60(b)(1)** |

  On December 1, 2021, this court denied a motion to seal filed by Plaintiffs Kristen Schertzer and Brittany Covell related to the Reply brief in support of their motion for class certification. (Doc. No. 237.) The primary reason for the denial of the request to seal was Plaintiffs' failure to meaningfully meet and confer with Cardtronics, Inc., ("Cardtronics") after previously being ordered to do so by the court. The court struck the lodged exhibits from the docket and ordered Plaintiffs' counsel, Lynch Carpenter, LLP, to show cause why sanctions, in the form of reasonable attorneys' fees, should not be awarded to Cardtronics, for Plaintiffs' failure to provide an adequate opportunity to meet and confer with Cardtronics' counsel before the filing of the motion to seal as previously ordered by the court. (*Id*. at 2.)

On December 3, 2021, Plaintiffs filed an *Ex-parte* Application Reconsideration of the Court's Order Denying Plaintiffs' Motion to File Exhibits Under Seal, or, in the Alternative for Relief Pursuant to Fed. R. Civ. P. 60(b)(1). (Doc. No. 241). Claiming excusable neglect, Plaintiffs seek relief from this court's order.

### Discussion

Under Federal Rule of Civil Procedure 60(b)(1) a party may obtain relief from a court order for the following reasons: mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 394, (1993), the Supreme Court held that "excusable neglect" covers "situations in which the failure to comply with a filing deadline is attributable to negligence" and established an equitable test to determine whether an attorney's neglect is excusable. *Id*. at 395. The Ninth Circuit adopted this test for Rule 60(b)(1) cases in *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer,* 507 U.S. at 395.

A motion for reconsideration is appropriate only in rare circumstances to correct manifest errors of law or fact or to present newly discovered evidence. *See School Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through-rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983).

### *(1) The danger of prejudice to the opposing party*

The first *Pioneer* factor requires an assessment of whether Plaintiffs' requested relief will prejudice the non-moving party. Plaintiffs' argument that they will be irreparably harmed if the exhibits lodged under seal are stricken misses the mark. The proper inquiry is whether there is a danger of prejudice to Defendant Bank of America, N.A., and

Cardtronics. Defendant Bank of America has taken no position on this matter. As to Cardtronics, it has since responded to Plaintiffs' request and agreed to de-designate 37 out of the 49 exhibits that Plaintiffs attached to their reply and narrowed eleven documents to minor redactions. (Doc. No. 241-1 at 5; see also Doc. No. 236.) Additionally, Plaintiffs' counsel has agreed to pay the reasonable legal costs and attorneys' fees Cardtronics has incurred to "respond to Plaintiffs' ill-conceived Motion to Seal." (Doc. No. 241 at 5.)

The fact that Cardtronics has walked back its earlier designations and narrowly tailored the remaining designations to minor redactions indicates that it will not suffer undue prejudice by granting Plaintiffs' requested relief. Further, any prejudice Cardtronics has suffered has been mitigated by the offer to cover the costs and fees associated with the motion to seal. Accordingly, this factor weighs in favor of finding excusable neglect.

### (2) The length of delay and its potential impact on the proceedings

A motion under Rule 60(b) must be made within a reasonable time—and for [mistake, inadvertence, surprise, or excusable neglect,] no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, Plaintiffs' motion is timely, as it was made within two days of the court issuing its order striking the exhibits. Turning to the length of delay which would be caused by allowing Plaintiffs to refile their Reply brief with the public version of the agreed-upon documents and a motion to seal with narrow designations, the resulting delay would be negligible since Plaintiffs are only asking for an additional five days. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding length of delay "minimal" where party's counsel "wrote to the court twelve days after it granted summary judgment [as unopposed] and filed his Rule 60(b)(1) motion a little more than one month after the court denied his request to rescind the judgment"). Moreover, the court has already instructed the parties that it will notify them if oral argument on the class certification is necessary by January 27, 2022. Therefore, an additional five days will cause no undue burden to any party at this juncture. Accordingly, this factor weighs in favor of finding excusable neglect.

**(3) *The reasons for the delay*.**

The third *Pioneer* factor requires an assessment of the reasons given for neglect. Clients are accountable for the acts and omissions of their counsel. Thus, it is the for the court to determine whether the neglect of Plaintiffs and its counsel was excusable. *Pioneer*, 507 U.S. at 397.

Plaintiffs cite having to take the deposition of Defendant's expert, commissioning a survey, having an informal conference with the court regarding outstanding discovery disputes, reviewing previously undisclosed data from BANA and preparing the Reply itself as reasons for the inability to meaningfully meet and confer with Cardtronics before filing the motion to seal.

Some of the reasons offered by Plaintiffs as justification for failure to meaningfully meet and confer do not justify relief from the court's prior order because they were previously considered by the court and known by Plaintiffs in advance. For example, the ESI document production from BANA has been cited by the parties as reasons why the briefing schedule on the class certification matter should be extended dating back to October 10, 2021.[1] (*See* Doc. No. 199, 200, 218.) Moreover, since filing the class certification brief, Plaintiffs maintained that the traditional briefing schedule should not be applied to them. Indeed, on November 12, 2012 they stated that being given two weeks "was simply not enough time to complete the bare minimum tasks required to prepare a reply brief for class certification." (Doc. No. 218-1 at 2.) Plaintiffs, however, seem to overlook that they were given additional time in which to file a ten-page reply brief than what is ordinarily provided for under the Federal Rules of Civil Procedure.

---

[1] Plaintiffs also overlook the fact that the original filing date for class certification was July 30, 2021 (*see* Doc. No. 126), which, at the parties' request, was moved to October 15, 2021 (*see* Doc. No. 178).

As for the newly stated reasons of taking of Mr. Stango's deposition, the commission of a consumer survey, discovery in way of a new document production, and ongoing discovery disputes - these do not justify relief from the court's prior order. Any experienced class action litigator understands that cases require multi-tasking and that over the lifespan of a case the activity and workflow ebb and flows. Which is why it is entirely up to the attorneys working a case to properly plan and schedule appropriately.

Notwithstanding the press of the other case related activities and deadlines, the need to meet and confer is not advisory, it is mandatory, and must be planned for. It is not excusable to not meaningfully meet and confer simply because counsel is dealing with other aspects of the litigation. It is even less excusable when Plaintiffs are represented by two law firms. As seasoned litigators, Plaintiffs' counsel were well aware of this fact, indeed the parties had been previously ordered to do so by the court, and Plaintiffs were on notice of the confidential designations. It is abundantly clear that the decision to not meaningfully meet and confer was entirely within Plaintiffs' control. Accordingly, this factor weighs against finding excusable neglect.

### (4) Movant acted in good faith

The final *Pioneer* factor is whether Plaintiffs acted in good faith. The court is loath to go to the extreme and characterize Plaintiffs' actions with respect to waiting until 7:45 p.m. (EST) on the day the reply was due to be filed to initiate the meet and confer process as bad faith. It does not appear, however, that making the conscious decision to wait until the last minute, was in good faith.

By their own admission, as early as November 12, 2021, Plaintiffs' counsel were aware that during the entire time they were preparing the reply brief, nearly all documents produced by Cardtronics had been designated as confidential. (Doc. No. 218-2 at ¶ 9, "once Plaintiffs identify which additional materials need to be used in the memorandum or as exhibits to the Reply, Plaintiffs need time to meet and confer with the producing parties to attempt to narrow the scope of the motion to file under seal, as per the Court's order.") In other words, they were on notice of the need to plan accordingly. Thus, once the core

set of documents were identified during the second week of drafting the reply, Plaintiffs should have begun the meet and confer process and supplied a set of the documents to Cardtronics. Alternatively, the documents could have been produced on a rolling basis.

Furthermore, the tone of the email communications that Plaintiffs' counsel sent to Cardtronics regarding conducting the meet and confer process and the filing of the motion to seal, display a somewhat cavalier and dismissive attitude towards the meet and confer process[2] that undermines its very purposes and placed the burden entirely on the other parties' shoulders.

---

[2] At 7:46 PM (EST) Plaintiffs' counsel emailed a chart of 49 documents they intended to include as part of Plaintiffs' Reply for Class Certification taking the position that none of the documents warranted sealing. "If we don't hear back from Cardtronics shortly, we will file all of the confidential-designated documents under seal along with a proposed order requesting denial of the motion to file under seal." (Doc. No. 232-3 at 4.) Plaintiffs' counsel then gave Cardtronics 2 hours to respond. (*Id*.) Cardtronics' counsel determined that being given 2 hours was acting in bad faith and asked that the following statement be included in the motion to seal: "It is Cardtronics position that Plaintiffs engaged in bad faith and violated the court's rules by not meaningfully meeting and conferring on the confidentiality issues, and that as a sanction for Plaintiffs' violation of the Court's order, the Court should strike these materials from the record without further consideration of them, and/or award Cardtronics its fees for having to respond to Plaintiffs' motion." (*Id.* at 3.)

Mr. Carpenter responded by offering an additional two hours before writing: "Cardtronics has had several weeks to reconsider its blanket designations. All 200,000 plus pages of documents remain designated, excepting those the Court rightfully unsealed…. Plaintiffs sought additional time from the Court to file their Reply brief specifically to comply with the meet and confer process on the [improper] confidentiality designations and their request was denied. There was simply no way for us to predict which documents we could cite to in support of our Reply until we received the Bank's Opposition less than two weeks ago. Measuring the relative efforts of the parties, Plaintiffs have done their level best to comply with the Court's Order, whereas Cardtronics has made no effort to cure its improper blanket designations. I suspect your specious threats of sanctions will be received just as well as they were the last time." (*Id.* at 2.)

In sum the reasons for the delay are weak and show a lack of regard for the meet and confer process, opposing counsel's time and this court's docket.  Although, there is no evidence that Plaintiffs' errors resulted from deviousness or willfulness, the court cannot say that the conduct was in good faith.  Therefore, this factor does not weigh in either party's favor.

### Conclusion

This court acknowledges that where the equities in the *Pioneer* test weigh in a plaintiff's favor, the plaintiff should be granted relief even if the reason for delay is weak. *See Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1225 (9th Cir.2000). Despite Plaintiffs' failure to provide a persuasive reason for delay, two of the remaining *Pioneer* factors weigh in Plaintiffs' favor.  Because Plaintiffs acted without prejudice to Cardtronics, and with minimal impact on the judicial proceedings, the court **FINDS** that Plaintiffs' neglect was mitigated.  Thus, Plaintiffs' motion for reconsideration is **GRANTED**.

In accordance with the offer made in their moving papers, Plaintiffs are hereby ORDERED to pay Cardtronics' attorneys' fees for the costs associated with the filing of its Response in Opposition to Plaintiffs' Motion to File Exhibits Under Seal and Cardtronics' Request for Sanctions for Violation of Court Order (Doc. No. 235) and Cardtronics, Inc.'s Supplement to its Opposition to Plaintiffs' Motion to File Exhibits Under Seal and Cardtronics' Request for Sanctions for Violation of Court Order (Doc. No. 236).  Further, Plaintiffs have up to and including **December 14, 2021** to refile their Reply brief with the public version of the agreed-upon documents and a motion to seal with narrowly tailored designations.

IT IS SO ORDERED.

Dated:  December 9, 2021

Hon. Jeffrey T. Miller
United States District Judge