UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER; et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; et al.,<br><br>Defendants. | Case No.: 19-cv-264-DMS-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION** |

## I. INTRODUCTION

On February 27, 2025, this Court granted Plaintiff Brittany Covell's Renewed Motion for Class Certification, finding all requirements met under Federal Rule of Civil Procedure 23. (*See* ECF No. 317). The Court certified a class of all Defendant Bank of America checking account holders in the United States who were assessed more than one out-of-network ("OON") balance inquiry fee during the same visit to a FCTI, Inc.-owned ATM located in a 7-Eleven store from May 1, 2018, to November 16, 2021. (*See id.* at 19). Pending now is Defendant's Motion for Reconsideration of this decision. (Defendant's Motion ("Def.'s Mot."), ECF No. 318). Plaintiff filed an Opposition, (Plaintiff's Opposition ("Opp'n"), ECF No. 322), and Defendant filed a Reply,

(Defendant's Reply ("Reply"), ECF No. 324). The matter came on for hearing on May 9, 2025. Todd Carpenter appeared for Plaintiff, and Shawn Obi, Amanda Groves, and Daniel Aronsohn appeared for Defendant. (ECF No. 330 at 2).

The background of this case has been summarized in numerous prior orders and need not be repeated. Defendant argues that this Court committed two clear errors that necessitate reconsideration: "(i) misinterpretation of the *Weiss* settlement and (ii) deference to an illusory settlement agreement." (Def.'s Mot. 7). For the following reasons, Defendant's Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART**.

## II. LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal citation omitted). A motion for reconsideration should not be granted "absent highly unusual circumstances". *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

District courts have discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). They also retain "broad discretion to modify class definitions." *Victorino v. FCA US LLC*, 2021 WL 662264, at *2 (S.D. Cal. Feb. 19, 2021) (internal quotation marks and citation omitted). "In considering the appropriateness of modification or decertification, the standard of review is the same as a motion for class certification: whether the Rule 23 requirements are met." *Id.* (internal quotation marks and brackets omitted) (collecting cases).

## III. DISCUSSION

### A. FCTI Settlement Agreement

When opposing Plaintiff's Renewed Motion for Class Certification, Defendant argued that Plaintiff's lack of standing rendered her inadequate as a representative of the

proposed class. (ECF No. 312 at 19). Plaintiff allegedly lacked standing because she presumably recovered more than $2.50 in her confidential settlement with FCTI and thus redressed her pocketbook injury. (*Id.*). The Court reviewed Plaintiff's settlement *in camera* and found that "Plaintiff did not recoup the second OON fee through [her] settlement." (ECF No. 317 at 9). Instead, the Court noted that Plaintiff benefitted from FCTI's decision to change its prompt. (*Id.*). Defendant now alleges that because FCTI changed its screens nearly a year prior to Plaintiff's settlement, the settlement was illusory as to Plaintiff and makes her inadequate. (Def.'s Mot. 16). The Court disagrees.

First, "an unaccepted settlement offer does not moot a plaintiff's case". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 165 (2016), *as revised* (Feb. 9, 2016). Plaintiff's decision not to be monetarily compensated through her settlement with FCTI means that "her interest in the lawsuit remains just what it was before." *Id.* at 162 (internal quotation marks and citations omitted). While Defendant contends that Plaintiff is inadequate because she failed to mitigate her damages in the settlement, the Supreme Court's reasoning in *Campbell-Ewald* intimates the opposite. (Def.'s Mot. 17). It is the rejection of a settlement offer, i.e., the plaintiff's failure to mitigate damages in the first instance, that enables a case to proceed to class certification. *Campbell-Ewald*, 577 U.S. at 165 ("Because Gomez's individual claim was not made moot by the expired settlement offer, that claim would retain vitality during the time involved in determining whether the case could proceed on behalf of a class."); *see also id.* ("While a class lacks independent status until certified, a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted."); *see also id.* at 165–66 ("In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint."). Because the rejection of a settlement offer allows the lead plaintiff to continue representing putative class members at the certification stage, *Campbell-Ewald* suggests that a plaintiff's denial of a settlement offer does not, without more, affect her adequacy as a class representative.

Second, there was valid consideration in the settlement agreement. Plaintiff, for her part, released all her claims against FCTI. (Opp'n 13–14); *see Powerturbine, Inc. v. Int'l Aerospace Grp., Corp.*, 2015 WL 13357513, at *2 (C.D. Cal. Jan. 7, 2015) ("It is well established that foregoing a legal claim is valid and sufficient consideration for an agreement.") (internal citation omitted); *Bur-Tex Hosiery Inc. v. World Tech Toys Inc.*, 2023 WL 3267752, at *3 (C.D. Cal. Apr. 20, 2023), *reconsideration denied*, 2023 WL 4680333 (C.D. Cal. June 6, 2023) ("[The Agreement] also expressly provides that Bur-Tex would be relieved of its outstanding contracultural obligations to purchase products from Inov8 in exchange for the parties releasing their respective claims related to the underlying contracts. Based on these provisions, the court finds the Settlement Agreement does not lack consideration.") (internal citations omitted); *Rutgard v. Haynes*, 11 F.App'x 818, 818 (9th Cir. 2001) ("Under California law, surrender of a possibly meritless claim which is disputed in good faith is valid consideration.") (internal quotation marks and citation omitted). FCTI also bestowed a benefit to Plaintiff. Because the settlement agreement is confidential, the Court will not specify further on the record. Should Defendant wish to learn the nature of FCTI's consideration, it may do so with Plaintiff's and FCTI's permission. The settlement agreement may also be reviewed *in camera* by any reviewing court, if necessary. Accordingly, Defendant's Motion for Reconsideration on grounds of Plaintiff's settlement with FCTI is **DENIED**.

**B.** *Weiss*

Defendant's Opposition to Plaintiff's Renewed Motion for Class Certification contended that this lawsuit was duplicative of *Weiss*, an action that settled in San Diego County Superior Court. (ECF No. 312 at 20–22, 24–29). The Court disagreed. (ECF No. 317 at 8 n.2, 13–14, 18). In response, Defendant alleges that the Court's analysis was flawed and reincorporates its arguments about how the duplicative nature of *Weiss* raises predominance, superiority, and adequacy concerns. (Def.'s Mot. 7–15).

**a. Predominance**

**i. Standing and Double Recovery**

The Court's prior Order determined that class members who already recovered in *Weiss* did not face individual issues of standing or double recovery. (ECF No. 317 at 13–14). Specifically, the Court found that *Weiss* involved "recovery for a different legal remedy (restitution) against a different wrongdoer (FCTI) under a different cause of action (violation of the UCL)" and covered "only the interchange fee received by FCTI, not the rest of the OON fee retained by Defendant." (*Id.* at 14, 18). Defendant disputes the second assertion. (Def.'s Mot. 7–9). Defendant argues that the terms and payout structure of the *Weiss* settlement confirm that *Weiss* class members each received at least $15.00, which refunds the entirety of their pocketbook injury, not just the interchange fee. (*Id.*).

Upon review of the record, the Court finds that class members who have also made a valid claim in *Weiss* already received at least $15.00 through the settlement. Plaintiff does not dispute this conclusion. (Opp'n 12 n.3) ("The claimants of the Nationwide Settlement Class ended up receiving over $15 through the *pro rata* distribution of the $1.5 million allotted to the Nationwide Class because . . . the distribution process that resulted in a small number of class members to recover for their claims against FCTI in an amount that exceed[s] the full OON Fee was purely the happenstance result of the logistics of attempting to distribute any restitution at all.") (internal quotation marks and citation omitted). However, this does not warrant decertification of the *entire class*. Only a small percentage of class members made a claim in *Weiss*. (Opp'n 12 n.4). Hundreds of thousands of individuals remain uncompensated for their injuries.

Modification of the class definition to avoid individualized inquiries about standing and double recovery is more appropriate. Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."); *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the judge remains free to modify it in . . . light of subsequent developments in the litigation."); *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1137 (9th Cir. 2016)

("We conclude that such fortuitous non-injury to a subset of class members does not necessarily defeat certification of the entire class, particularly as the district court is well situated to winnow out those non-injured members at the damages phase of the litigation, or to refine the class definition.").[1] The Court now excludes from the class individuals who made a claim and received payment through the *Weiss* settlement. These individuals can be identified through *Weiss*' claims-made procedure.

### ii. Failure to Mitigate

Defendant also realleges that the predominance requirement is not met because it is "entitled to ask *every* putative class member via live cross-examination" why they did not make a claim in *Weiss*. (Def.'s Mot. 13) (emphasis added). Defendant's argument hinges on the fact that all class members in this action were also part of *Weiss*' classes.[2] The classes cover the same conduct over the same time period.[3] (ECF No. 317 at 19); (ECF No. 312-2 at 149). They differ only in scope: while *Weiss*' classes include individuals who held accounts with several banks, including Bank of America, the class here includes only

---

[1] The Court has chosen to modify the class definition in light of the Supreme Court's pending decision in *Laboratory Corporation of America Holdings v. Davis* ("*Labcorp*"), No. 24-304. Under current Ninth Circuit precedent, the class could have proceeded without modification. *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 (9th Cir. 2022) ("Therefore, we reject the dissent's argument that Rule 23 does not permit the certification of a class that potentially includes more than a de minimis number of uninjured class members. This position is inconsistent with Rule 23(b)(3), which requires only that the district court determine after rigorous analysis whether the common question predominates over any individual questions, including individualized questions about injury or entitlement to damages.") (citing Fed. R. Civ. P. 23(b)(3)). Because the Supreme Court's pending decision in *Labcorp* could disavow *Olean*, the Court elects to carve out class members who have already redressed their injury through the *Weiss* settlement.

[2] Plaintiff conceded this point during oral argument. (ECF No. 330 at 3, 6).

[3] The Court previously certified a class of "Defendant [Bank of America] checking account holders in the United States who were assessed more than one OON balance inquiry fee during the same visit to a FCTI, Inc.-owned ATM located in a 7-Eleven store from May 1, 2018, to November 16, 2021." (ECF No. 317 at 19). By comparison, *Weiss*' nationwide class, excluding the carveout for accountholders in New York, consisted of "all Accountholders who were assessed two OON Fees for a balance inquiry during the same visit at a FCTI ATM in the United States from May 1, 2018 to November 16, 2021." (ECF No. 312-2 at 149); (*id.* at 147) (defining accountholder as "any person who has or had any interest, whether legal or equitable, in an Account during the Class Period" and defining account as "any checking or savings account with any financial institution on which multiple out-of-network fees were assessed by the financial institution during the Class Period for balance inquiries that were registered and transmitted by FCTI's ATMs during the same ATM visit").

Bank of America checking accountholders. (ECF No. 317 at 19); (ECF No. 312-2 at 149). As a result of this overlap, Defendant alleges that to present this defense, it would need to ask hundreds of thousands of class members why they did not make a claim in *Weiss* to determine who had justifiable cause not to participate in the *Weiss* settlement. (Def.'s Mot. 12); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) (noting that defendants "have the right to raise any individual affirmative defenses [they] may have"). This scenario is clearly untenable in a class action framework.

Plaintiff argues that the failure to mitigate defense is inapplicable because *Weiss*' class notice and settlement agreement did not provide adequate notice to class members that they would give up their right to pursue the rest of the OON fee from financial institutions, including Defendant. (ECF No. 330 at 20–21, 23, 25, 28). According to Plaintiff, *Weiss* class members assumed only that lack of participation in the settlement foreclosed the interchange fee received by FCTI, the relief sought in the action. (*Id.*). Plaintiff points specifically to language in the settlement agreement expressly preserving claims against financial institutions. (*Id.*); (ECF No. 312-2 at 153) ("Excluded from this release are financial institutions that collected Out-of-Network fees from Class Members as a result of the alleged conduct."). In response, Defendant contends that the notice was sufficient because the relevant documents spoke in terms of OON, not interchange, fees. (ECF No. 330 at 24, 26–27); (Def.'s Mot. 7–8) (asserting that "OON" language in class notice and settlement agreement is evidence of *Weiss*' duplicative nature).

Whether *Weiss*' class notice and settlement agreement adequately notified class members that their failure to make a claim would impact their ability to recover in this action is an objective inquiry. *See In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir. 1977) ("[T]he [class] notice required by [Federal Rule of Civil Procedure 23(c)(2)] must contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment."); *id.* at 1104 ("[Class notice] must also contain an adequate description of the proceedings written in objective, neutral

terms, that, insofar as possible, may be understood by the average absentee class member."); *O'Neil v. Bunge Corp.*, 365 F.3d 820, 822 (9th Cir. 2004) ("The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally.") (internal quotation marks and citations omitted); *Schertzer v. Bank of Am., NA*, 109 F.4th 1200, 1208 (9th Cir. 2024) ("Under California contract law, applicable here, terms must be understood in their ordinary and popular sense[.]") (internal quotation marks and citation omitted). As a result, the adequacy of notice—and the applicability of the failure to mitigate defense—is a question that can be determined class-wide by the trier of fact.

If the trier of fact finds that notice was inadequate, the defense would fail class-wide. This is because "[t]he duty to mitigate damages does not require an injured party to do what is unreasonable or impracticable." *United States v. Sierra Pac. Indus.*, 879 F.Supp.2d 1128, 1136 (E.D. Cal. 2012), *adhered to on reconsideration*, 2012 WL 2571274 (E.D. Cal. July 2, 2012) (internal quotations marks and citation omitted) (applying California law).[4] Defendant appears to concede this point. (*See* Def.'s Mot. 13) ("One answer might be a good defense rebuttal (e.g., lack of awareness) while another may not (e.g., laziness)."). It would be unreasonable to hold class members accountable for their failure to mitigate if they were unaware, through no fault of their own, that *Weiss* involved recovery of the entire OON fee, not just the amount retained by FCTI.

If the trier of fact determines that notice was adequate, the effect of the defense on recovery would similarly apply to the entire class. To compensate nationwide class members for their injuries, the *Weiss* settlement created a $1.5 million nationwide settlement fund. (*Id.* at 8); (ECF No. 312-2 at 159) ("Second, all Nationwide Settlement Class Members who submit a Valid Claim shall receive an equal payment of up to $15 from the $1.5 million Nationwide Settlement Fund."). Only 7,211 *Weiss* class members submitted valid claims. (Def.'s Mot. 9 n.3); (ECF No. 312-2 at 187) (noting that there was

---

[4] The parties agree that California law governs the breach of contract claim. *Schertzer*, 109 F.4th at 1208 (applying California law to issues on appeal due to parties' agreement).

a "total number of 7,211 Valid Claims"). If the class size here is 580,000 individuals, the number advanced by Defendant during oral argument, and they all also submitted valid claims in *Weiss*, each claimant would have received $2.55.[5] If the class size here is 1.2 million individuals, the number posited by Plaintiff, each claimant would have received $1.24.[6] Damages could then be reduced class-wide in light of the amount that could have been mitigated if each member had made a claim in *Weiss*. *See Gomez v. Am. Empress Ltd. P'ship*, 189 F.3d 473 (9th Cir. 1999) ("The district judge's method of calculation, first reducing total damages by Mr. Gomez's percentage of fault, *then reducing that subtotal by the money amount that Mr. Gomez could have avoided by reasonable mitigation*, was consistent with one somewhat analogous case in our court[.]") (emphasis added); *see also Murphy v. Trader Joe's*, 2017 WL 235193, at *3 (N.D. Cal. Jan. 19, 2017) ("[T]he failure to mitigate doctrine operates to reduce damages rather than as a barrier to liability[.]").[7]

Even if the damage calculations are somewhat more complex, "[t]he amount of damages is invariably an individual question and does not defeat class action treatment" in the Ninth Circuit. *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975); *see also Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010) ("In this circuit, however, damage calculations alone cannot defeat certification."). The extent to which individuals' damages would be offset by their failure to mitigate could thus be determined at a later date. Accordingly, Defendant's failure to mitigate defense does not defeat predominance. Defendant's Motion for Reconsideration due to predominance concerns is **GRANTED IN PART** and **DENIED IN PART**.

### b. Superiority and Adequacy

The Court's prior Order found that *Weiss* did not affect Plaintiff's showing of superiority and adequacy. (ECF No. 317 at 8 n.2, 18). Defendant argues that Plaintiff's

---

[5] $1,500,000 / (580,000 + 7,211) = $2.55444806.
[6] $1,500,000 / (1,200,000 + 7,211) = $1.24253341.
[7] In the first scenario, class members would receive $0 in damages because $2.55 is greater than $2.50, the total OON fee. In the second scenario, class members would receive $1.26 in damages ($2.50 - $1.24 = $1.26).

class action is not a superior method of adjudication because "similar proceedings", i.e., *Weiss*, "provided similar relief to class members". (Def.'s Mot. 14). Defendant characterizes this action as a "follow-on class action [that] adds nothing to a previously approved class settlement." (*Id.*). In a similar vein, Defendant realleges that Plaintiff is inadequate because she "proposes a duplicative class action that will require significant sums in administration and attorneys' fees, both of which were already incurred in the name of these same putative class members to the tune of nearly $5 million." (*Id.* at 14–15). The Court rejected these arguments in its previous Order and stands by its decision. The *Weiss* settlement did not release—and instead expressly preserved—claims against Defendant. (ECF No. 312-2 at 153) ("Excluded from this release are financial institutions that collected Out-of-Network fees from Class Members as a result of the alleged conduct."). This lawsuit remains a necessary vehicle for hundreds of thousands of class members to litigate their contractual claims against Defendant for collecting a wrongful fee. Given that "courts often certify [concurrent] class actions arising from similar facts", Defendant's arguments again fall short. *Cohen v. Trump*, 303 F.R.D. 376, 389 (S.D. Cal. 2014) (internal quotation marks and citation omitted). The Court **DENIES** Defendant's Motion for Reconsideration of *Weiss*' effect on superiority and adequacy.

### IV.    CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART**. The Court redefines the class as: Defendant Bank of America checking account holders in the United States who were assessed more than one OON balance inquiry fee during the same visit to a FCTI, Inc.-owned ATM located in a 7-Eleven store from May 1, 2018, to November 16, 2021, and who did not make a valid claim and receive payment in *Weiss*.

**IT IS SO ORDERED.**

Dated: May 19, 2025

_____
Hon. Dana M. Sabraw
United States District Judge