**LYNCH CARPENTER, LLP**
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Jae (Eddie) K. Kim (SBN 236805)
ekim@lcllp.com
Tiffine E. Malamphy (SBN 312239)
tiffine@lcllp.com
9171 Towne Centre Dr, Ste 180
San Diego, CA 92122
Telephone:   (619) 762-1910
Facsimile:   (858) 313-1850

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTEN SCHERTZER, MEAGAN HICKS, BRITTANY COVELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., CARDTRONICS, INC., FCTI, INC., CASH DEPOT, LTD., and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-00264-DMS-MSB<br><br>**PLAINTIFF COVELL'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL**<br><br>Date:       March 6, 2026<br>Time:      1:30 pm<br>Crtrm.:    13A<br>Judge:    Hon. Dana M. Sabraw |

## I.   INTRODUCTION

Plaintiff Brittany Covell ("Plaintiff") and Defendant Bank of America, N.A. ("BANA" or "Defendant") have reached an agreement to settle Plaintiff's and the Settlement Class's[1] claims for breach of contract arising out of Defendant's allegedly improper assessment of a second, out-of-network balance inquiry fee ("OON Fee") when customers used a FCTI, Inc.-owned ATM. Subject to this Court's approval, Plaintiff and the Settlement Class will fully release their claims against BANA in exchange for a Settlement Fund of $2,250,000, inclusive of Costs and Fees. This is an exceptional result in which the Settlement amount achieved is *80%* of total classwide damages. Accordingly, Plaintiff moves under Federal Rule of Civil Procedure 23 to preliminarily approve the Settlement and enter the proposed Preliminary Approval Order.

## II.   STATEMENT OF FACTS

### A.   Factual and Procedural History

Plaintiffs Brittany Covell, Kristen Schertzer, and Meagan Hicks asserted the instant breach of contract claim against Defendant for the first time in the First Amended Class Action Complaint, which was filed on March 1, 2019. Dkt. No. 5. The three plaintiffs filed suit against BANA and three ATM operators—FCTI, Cardtronics, and Cash Depot. Each plaintiff asserted claims based on fees incurred at OON ATMs (Plaintiff at an FCTI machine, Schertzer at a Cardtronics machine, and Hicks at a Cash Depot machine). Dkt. No. 96 ¶¶ 81, 88, 95. In June 2021, Hicks settled with and dismissed Cash Depot on a single-plaintiff basis (Dkt. Nos. 167, 180) and, in October 2021, Schertzer dismissed Cardtronics (Dkt. No. 205). In August 2022, Plaintiff notified the Court that she and FCTI had reached a settlement.  Dkt. No. 288 at 2.

For over 6 years, the Parties have actively litigated this matter. Defendant filed repeated motions to dismiss until finally answering Plaintiff's Third Amended Class

---

[1] All capitalized terms used throughout this brief shall have the meanings ascribed to them in the Settlement Agreement and Release, attached to the Declaration of Jae (Eddie) K. Kim ("Kim Decl.") as Exhibit 1.

1

PLAINTIFF COVELL'S MPA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
3:19-cv-00264-DMS-MSB

Action Complaint. *See e.g.*, Dkt. Nos. 66, 100, 110. The Parties then engaged in significant discovery. The plaintiffs propounded three sets of interrogatories upon Defendant, as well as requests for admission and requests for the production of documents. Kim Decl., at ¶ 6. Defendant produced over 7,000 pages of documents in connection with the transactions challenged by the various plaintiffs and also produced significant amounts of transaction data. *Id.* The plaintiffs took the depositions of Defendant under Federal Rule of Civil Procedure 30(b)(6), as well as one of Defendant's expert witnesses. *Id.* In response to Defendant's discovery, the plaintiffs responded to multiple sets of interrogatories and produced numerous documents. *Id.*, at ¶ 7. The plaintiffs also sat for depositions and conducted expert discovery. *Id*.

As the litigation progressed, the Parties engaged in dispositive motion practice. In November 2021, Defendant moved for summary judgment against Plaintiff's and Schertzer's claims arising from their transactions at FTCI and Cardtronics ATMs, respectively. Dkt. No. 231. Plaintiff and Schertzer moved to certify putative classes in October 2021. Dkt. No. 198. Defendant also moved to exclude plaintiffs' expert. Dkt. Nos. 221, 240. Initially, Judge Miller granted Defendant's motion for summary judgment and denied class certification. Dkt. No. 271. Plaintiff moved for reconsideration, which was denied. Dkt. Nos. 274, 298. Plaintiff then appealed; Schertzer (who challenged the Cardtronics transactions) did not. Dkt. No. 299.

The Ninth Circuit reversed Judge Miller's decision to grant summary judgment as to Plaintiff's breach of contract claim (related to her FCTI ATM transaction). Dkt. No. 307. The Ninth Circuit found that Plaintiff's construction of the term "balance inquiry" was more reasonable and within the ordinary meaning of the term. *See id.* The Ninth Circuit then remanded for further proceedings. *Id.* Plaintiff again moved to certify the proposed class—seeking to represent a class for the FCTI-related breach of contract claim—and Plaintiff's motion was granted. Dkt. Nos. 311, 317. Defendant moved for reconsideration, which the District Court denied in part. Dkt. Nos. 318, 331. In June 2025,

PLAINTIFF COVELL'S MPA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
3:19-cv-00264-DMS-MSB

Defendant petitioned to appeal the certification decision and, in July 2025, the matter was stayed. Dkt. Nos. 332, 337.

### B.    Material Settlement Terms

After Plaintiff prevailed before the Ninth Circuit on appeal of the breach of contract claim and before this Court on her motion for class certification, the Parties restarted discussions about potential resolution. On or about August 27, 2025, the Parties engaged in mediation before Mr. Robert A. Meyer at JAMS. Kim Decl., at ¶ 11. Although the mediation was unsuccessful, the Parties continued to discuss resolution with Mr. Meyer's assistance and were ultimately able to reach a mutually agreeable settlement. *Id.*, at ¶ 12. The Parties then worked together to draft the Settlement Agreement. *Id.*, at ¶ 13.

The Settlement Class is defined as BANA Accountholders in the United States who were assessed more than one OON balance inquiry fee during the same visit to a FCTI, Inc.-owned ATM located in a 7-Eleven store from May 1, 2018, to November 16, 2021, and who did not make a valid claim and receive payment in *Weiss*. Ex. 1, at ¶ 1.48. The Settlement Amount is $2,250,000, which will be used to pay all Attorneys' Fees and Costs, including the Settlement Administration Costs and Service Award. *Id.*, at ¶¶ 1.45, 1.47. According to BANA's records, this settlement amount constitutes approximately 80% of the $2.8 million total possible damages in this case. Kim Decl., at ¶ 14. Current Accountholders will receive credits directly to their account as their distribution of the Net Settlement Fund. Ex. 1, at ¶ 5.9. Past Accountholders will receive their distribution of the Net Settlement Fund based on their chosen method of payment, as indicated on their Claim Form. *Id.* Settlement Class Member Payments shall be calculated as equal pro rata distributions of the Net Settlement Fund using the following formula: Net Settlement Fund divided by the combined number of Current Accountholders (minus Opt-Outs) and Valid Claims. *Id.*, at ¶ 5.8.1. In exchange for the Settlement Fund, Plaintiff and the Settlement Class will release all claims they have or could have raised in this Action. *Id.*, at ¶ 1.39.

PLAINTIFF COVELL'S MPA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
3:19-cv-00264-DMS-MSB

If preliminarily approved, the administration of the Settlement would include the following events and deadlines:

| EVENT | DEADLINE |
|---|---|
| Defendant gives the Class List to the Settlement Administrator | 10 days after entry of the Preliminary Approval Order |
| Notice is issued | 30 days after receipt of the Class List |
| Claims Deadline | 75 days after entry of Preliminary Approval Order |
| Opt-out and Objection Deadline | 45 days before the Final Approval Hearing |
| Plaintiff files Motion for Attorneys' Fees, Costs, and Service Award | 30 days before Opt-Out and Objection Deadline |
| Plaintiff files Motion for Final Approval | 45 days before the Final Approval Hearing |
| Final Approval Hearing | At least 165 days after entry of the Preliminary Approval Order |
| Effective Date | 30 days after entry of the Final Approval Order, if no objections |
| Distribution of Settlement Class Member Payments | 30 days after the Effective Date for Past Accountholders and 45 days after the Effective Date for Current Accountholders |

## III.    PLAINTIFF'S MOTION SHOULD BE GRANTED

### A.    The Settlement is Fair, Adequate, and Reasonable

A settlement binding a class may only be approved if it is fair, adequate, and reasonable. Fed. R. Civ. P. 23(e)(2). When evaluating whether a settlement is fair, adequate, and reasonable, a court should consider the following factors: "(1) the strength of the case; (2) the risk, expense, complexity and likely duration of further litigation and the risk of maintaining class action status throughout the trial; (3) the stage of the proceedings (investigation, discovery and research completed); (4) the settlement amount; (5) whether the class has been fairly and adequately represented during settlement negotiations; and (6) the reaction of the class to the proposed settlement." *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034, 1041 (S.D. Cal. 2015).

#### 1.    *The strength of the case*

Plaintiff has repeatedly prevailed during the course of this litigation. She successfully kept her breach of contract claim alive in the face of Defendant's multiple

motions to dismiss, certified the Class, defeated Defendant's motion for summary judgment on appeal (as to the breach of contract claim), and she certified a class over Defendant's opposition and motion for reconsideration of class certification. *See* Dkt. Nos. 94, 109, 307-1, 317, 331. Plaintiff's key victory was the adoption of her definition of the term balance inquiry in the Parties' contract. *See* Dkt. No. 307-1 at 13 ("We adopt Plaintiff's interpretation [of the term balance inquiry] and reverse the district court's grant of summary judgment for [BANA].").

Nevertheless, BANA's interlocutory appeal of the Court's order granting of class certification—based on (i) its mitigation defense, (ii) the federal full faith and credit statute, and (iii) judicial estoppel—remains looming.  Defendant's argument, in sum, is that Plaintiff and each member of the Class could have recovered their damages from a settlement involving the third-party ATM operator in a separate class action lawsuit; therefore, they are barred from recovering any damages from BANA. *See generally*, Dkt. Nos. 312, 318-1. Defendant has filed a petition to appeal the class certification order on the basis that its mitigation defense defeats predominance. Dkt. No. 332-1.

In any event, Plaintiff having achieved a settlement amount of 80% of damages is reflective of the strength of the case. Accordingly, this factor weighs in favor of finding the Settlement is fair, reasonable, and adequate as it reflects the strength of Plaintiff's case after surviving several substantive hurdles and the strength of Defendant's mitigation defense, which modified the Class definition. *See Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1300 (S.D. Cal. 2017), *aff'd,* 881 F.3d 1111 (9th Cir. 2018) (finding factor weighed in favor of approving settlement when it reflected strength of plaintiff's case and defendant's defenses).

### 2.    *The risk of continued litigation*

If the Settlement is not preliminarily approved, the Parties will restart litigation. Ex. 1, at ¶ 6.2. Plaintiff may need to oppose BANA's appeal regarding its mitigation defense defeating class certification. The Parties will need to begin their preparations for trial if this Court's stay is lifted. This Settlement, if preliminarily approved, allows the

PLAINTIFF COVELL'S MPA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
3:19-cv-00264-DMS-MSB

Parties to avoid "the expensive exercise of motion practice and a trial on the merits." *Nejo v. Wilshire Credit Corp.*, No. 09CV879 BEN JMA, 2010 WL 2951972, at *3 (S.D. Cal. July 21, 2010).

Even if Plaintiff successfully overcomes the foregoing hurdles, she has no guarantee that she would recover the same amount (*i.e.,* 80% of total classwide damages) for the Settlement Class as she did with the Settlement; instead, proceeding to trial simply delays or could even jeopardize achieving any recovery at all. Thus, the benefits secured in the Settlement vastly outweigh any potential recovery at trial given the significant risks of continued litigation. *See Barcia v. Contain-A-Way, Inc.*, No. 07CV938-IEG-JMA, 2009 WL 587844, at *3 (S.D. Cal. Mar. 6, 2009) ("the actual recovery confers substantial benefits on the class that outweigh the potential recovery through full adjudication.").

### 3.    *The stage of the proceedings*

This matter is significantly advanced given the nearly 7 years that the Parties have spent litigating this matter. The Parties fully briefed motions for class certification and summary judgment, completed an appeal, re-briefed a motion for class certification, and now the matter is stayed while Defendant's appeal is pending. *See* Dkt. Nos. 198-338. Additionally, the Parties completed significant fact discovery that included the voluminous production of documents and taking the depositions of Defendant's designated Rule 30(b)(6) witness and ATM Channel Manager, as well as an employee of FCTI, the operator of the ATMs utilized by Class Members at issue. Kim Decl., at ¶ 6. The Parties also completed significant expert discovery, including exchanging reports and taking depositions. *Id.*, at ¶¶ 6-7. Accordingly, substantial work related to Plaintiff's claims was completed before the Settlement was reached, which allowed Class Counsel to confirm that the Settlement is fair, reasonable, and adequate. *See Raines v. U.S. Healthworks Med. Grp.*, No. 19-CV-1539-DMS-DEB, 2025 WL 1940186, at *3 (S.D. Cal. July 14, 2025) ("Given the extensive discovery and advanced stage of these proceedings, which have been ongoing for more than six years, the Court agrees that the

PLAINTIFF COVELL'S MPA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
3:19-cv-00264-DMS-MSB

Parties have gathered sufficient information to make an informed decision about the settlement.") (citation omitted).

### 4.    *The Settlement Class's representation during negotiations*

During mediation and subsequent settlement negotiations, Plaintiff and the Settlement Class were represented by Todd D. Carpenter, (Eddie) Jae K. Kim, and Tiffine E. Malamphy of Lynch Carpenter, LLP, whom this Court already found were adequate representatives when it certified the class. *See* Dkt. No. 317 at 7-10. Class Counsel have significant experience with litigation involving bank fees. *See* Kim Decl., at ¶¶ 25-33, Ex. 2. Accordingly, this factor weighs in favor of preliminarily approving the Settlement.

### 5.    *The reaction of the Settlement Class to the Settlement*

The Settlement Class has not yet had an opportunity to react to the Settlement. Plaintiff will update the Court about the number of opt outs and objections, if any, in her briefing in support of final approval of the Settlement. Kim Decl., at ¶ 37. Class Counsel believes the Settlement is fair, reasonable, and adequate and believes that Class Members will overwhelmingly support the Settlement. *Id.*, at ¶ 14; *see O'Brien v. Siege Elec., Inc.*, No. 23-CV-00897-BAS-DEB, 2024 WL 4308792, at *4 (S.D. Cal. Sept. 26, 2024) quoting *Larsen v. Trader Joe's Co.*, No. 11-cv-5188-WHO, 2014 WL 3404531, at *5 (N.D. Cal. July 11, 2014) ("The opinions of counsel should be given considerable weight both because of counsel's familiarity with th[e] litigation and previous experience with cases.").

Therefore, all relevant factors weigh in favor of granting preliminary approval of the Settlement.

### B.    The Settlement Class Should be Preliminarily Certified

To certify a class for preliminary approval under Federal Rule of Civil Procedure 23(a) and 23(b), as Plaintiff seeks, the Settlement Class must satisfy the following requirements: (1) numerosity, (2) commonality, (3) typicality, (4) adequacy of representation, (5) common questions of law or fact predominate over individual issues;

and (6) that a class action would be superior to other methods of resolving the controversy. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 357-360 (2011); Fed. R. Civ. P. 23(b)(3). As this Court already found, the Settlement Class meets these requirements. *See* Dkt. No. 317; *see also* Dkt. No. 331.

### 1. The numerosity requirement is satisfied

As Plaintiff previously contended and Defendant does not dispute, the Settlement Class size is likely multiple times the sample data size of 65,000 Class members, thus the numerosity requirement is satisfied. Dkt. No. 317, at 5 ("Given the size of this class, the Court finds the numerosity requirement satisfied.").

### 2. The commonality requirement is satisfied and predominates

This Court previously found that commonality was satisfied because "[a] determination of whether FCTI's prompt amounts to a balance inquiry as the Ninth Circuit has interpreted the term will drive resolution of the contract claims writ large" and these common questions predominated because "[t]he elements of a breach of contract claim do not vary so greatly between states such that individualized concerns will trump common ones." *Id.*, at 16-17, 12.

### 3. Plaintiff's claims are typical

"Class members suffered the same injury—an overcharge—by the same course of conduct—the display of a balance inquiry prompt [as Plaintiff]. The typicality requirement is therefore met." *Id.*, at 7.

### 4. Plaintiff and Class Counsel are adequate representatives

"Plaintiff is adequate because she has diligently represented absent class members. This includes her successful appeal of the district court's prior Order denying class certification to the Ninth Circuit […] Her counsel's familiarity with this dispute points to their competence, not their inadequacy." *Id.*, at 9-10; *see* Dkt. No. 331, at 9-10; *see also* Kim Decl., at ¶¶ 25-33, Ex. 2. Thus, Plaintiff and Class Counsel are adequate representatives.

PLAINTIFF COVELL'S MPA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
3:19-cv-00264-DMS-MSB

**5.** *Class adjudication is superior to individual adjudication*

"This matter is most suitable for adjudication as a class action. Given that individual lawsuits are expensive, class members would likely have minimal interest in pursuing separate actions and are better served through representative litigation. Evaluating Defendant's conduct in one trial is also more efficient than having numerous individual trials repetitively addressing the same conduct." *Id.*, at 17-18 (citations omitted).

"Plaintiff satisfies all four requirements of Rule 23(a) [and] fulfills the elements of Rule 23(b)(3);" thus, the Settlement Class should be preliminarily certified for settlement purposes only. *Id.*, at 10, 18.

**C.    The Proposed Notice Program Should be Approved**

When a settlement is preliminarily approved, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members." Fed. R. Civ. P. 23(c)(2)(B).

Here, the Class Notices explain the nature of the action, whether someone is a member of the Settlement Class, the causes of action and that Defendant denies the claims, that Settlement Class members may appear at the Final Approval Hearing through their own attorney, that Class Members can opt out of the Settlement and how to do so, and that not opting out has a binding effect on the Settlement Class. *See generally*, Ex. 1.A-C. The Settlement Administrator shall send a copy of the Email Notice to all Class Members for whom an email address is known. *Id.*, at ¶ 4.2. For any Class Member whose email address is unknown, the Settlement Administrator shall mail a Postcard Notice. *Id.* If the Notice is returned as undeliverable, the Settlement Administrator shall undertake

9

reasonable efforts to obtain updated contact information and reissue the Notice. *Id.* Accordingly, the proposed notice program satisfies the requirements of due process and is the best method for providing notice of the Settlement to the Settlement Class.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her unopposed motion to preliminarily certify the Settlement and enter the proposed Preliminary Approval Order.

Dated: February 6, 2026

**LYNCH CARPENTER, LLP**

By:  */s/ Jae (Eddie) K. Kim*
Jae (Eddie) K. Kim (SBN 236805)
ekim@lcllp.com
Todd D. Carpenter (SBN 234464)
todd@lcllp.com
Tiffine E. Malamphy (SBN 312239)
tiffine@lcllp.com
9171 Towne Centre Dr, Ste 180
San Diego, CA 92122
Telephone:   (619) 762-1910
Facsimile:   (858) 313-1850

*Attorneys for Plaintiff and the Class*

PLAINTIFF COVELL'S MPA IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
3:19-cv-00264-DMS-MSB