# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

KRISTEN SCHERTZER, MEAGAN HICKS, and BRITTANY COVELL, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BANK OF AMERICA, N.A., CARDTRONICS, INC., FCTI, INC., CASH DEPOT, LTD., N.A., and DOES 1–50, inclusive,

Defendants.

Case No. 3:19-cv-00264-DMS-MSB

**ORDER GRANTING PLAINTIFF COVELL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Courtroom:     13A
Judge:           Hon. Dana M. Sabraw

The Court, having heard Plaintiff Covell's Motion for Preliminary Approval of Class Settlement, reviewed the Settlement Agreement and Release ("Settlement Agreement"),[1] and good cause appearing, hereby **GRANTS** the motion and **ORDERS** as follows:

1.      The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations with Defendant Bank of America, N.A. ("BANA") and falls within the range of possible approval as fair, reasonable, and adequate.

---

[1] All undefined, capitalized terms have the same meaning as set forth in the Settlement Agreement.

1

ORDER GRANTING PLAINTIFF COVELL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

3:19-cv-00264-DMS-MSB

2.      The Email Notice, Postcard Notice, Long Form Notice, and Claim Form: (a) constitute the best such forms and notice practicable under the circumstances; (b) the method for providing notice to Settlement Class Members set forth in the Settlement Agreement constitutes valid, due, and sufficient notice to all Settlement Class Members; and (c) the Notice Program complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and other applicable law.

3.      For purposes of the Settlement only, the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable.

4.      For purposes of the Settlement only, Plaintiff's claims are typical of the Settlement Class's claims.

5.      For purposes of the Settlement only, there are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class Members.

6.      For purposes of the Settlement only, class adjudication is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1.      **Settlement Approval**. The Settlement Agreement, including the Notice Program, is preliminarily approved.

2.      **Provision of Notice**. Class Counsel, through the Settlement Administrator, will notify Settlement Class Members of the Settlement in the manner specified in the Settlement Agreement.

3.      **Settlement Class Payment**. Each Settlement Class Member will be entitled to receive a pro-rata distribution of the Net Settlement Fund based on the number of Current Accountholders and Past Accountholders who submitted a Valid Claim.

4.      **Objections to the Settlement.** To object to the Settlement, a Settlement Class Member must submit their objection no later than the Objection Deadline, as specified in the Long Form Notice. The objection must be filed with or mailed to the

2

Clerk of the Court and mailed to the Settlement Administrator. If submitted by mail, a written objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

For an objection to be considered by the Court, the objection must also set forth: (i) the objector's full name, address, telephone number, and e-mail address (if any); (ii) information identifying the objector as a Settlement Class Member in this Action, including evidence that the objector is a member of the Settlement Class; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (iv) the identity of all counsel representing or assisting the objector, if any; (v) the identity of all counsel representing the objector who will appear at the Final Fairness Hearing, if any; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection, if any; (vii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any; (ix) a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last three (3) years; (x) a list, by case name, court, and docket number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which the objector has been a named plaintiff in any class action or served as a lead plaintiff or class representative.

5.    **Failure to Object to the Settlement.** Settlement Class Members who fail to timely object to the Settlement in the manner specified will: (a) be deemed to have

3

waived their right to object to the Settlement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement; and (c) not be entitled to speak at the Final Approval Hearing.

6.    **Requesting Exclusion from the Settlement.** To be excluded, a member of the Settlement Classes must send an opt-out request by U.S. Mail or private courier (e.g., Federal Express) to the Settlement Administrator, stating the wish to be excluded from the Settlement Classes. The opt-out request must be personally signed by them and contain their name, postal address, and a statement that indicates a desire to be excluded from the Settlement Class. The opt-out request must be postmarked by the last day of the Opt-Out Period. If submitted by mail, the opt-out request shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an exclusion request shall be deemed to have been submitted on the shipping date reflected on the shipping label.

7.    **Claims Provision**. Past Accountholders may submit a Claim Form online through the Settlement Website or in paper copy through U.S. mail by sending them to the Settlement Administrator at the post office box mailing address designated in the Notice no later than the Claims Deadline. Past Accountholders have 75 days after the entry of this order to submit a Claim through the procedures outlined in the Settlement Agreement, but the parties may agree to extend the deadline to provide additional time for Past Accountholders to submit Claims.

8.    **Provisional Certification.** The Settlement Class is provisionally certified as: all BANA Accountholders in the United States who were assessed more than one out-of-network ("OON") balance inquiry fee during the same visit to a FCTI, Inc.-owned ATM located in a 7-Eleven store from May 1, 2018, to November 16, 2021, and who did not make a valid claim and receive payment in Weiss. Excluded are BANA's Counsel, Defendant's officers and directors, and the judges presiding over the Action.

4

9.      **Conditional Appointment of Class Representatives and Class Counsel.** Plaintiff is conditionally certified as the Class Representative to implement the Settlement in accordance with the Agreement. Todd D. Carpenter, Jae K. Kim, and Tiffine E. Malamphy of Lynch Carpenter, LLP, are conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the interests of the Settlement Classes.

10.     **Termination.** In the event of termination, the Agreement shall be considered null and void; all of Plaintiff's, Class Counsel's, and BANA's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Settlement Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims and defenses will be retained and preserved. If this Settlement Agreement terminates or is nullified, the provisional Settlement Class certification shall be vacated by its terms, and the Action shall revert to the status that existed before execution of this Settlement Agreement. Thereafter, Plaintiff shall be free to pursue any claims available to her, and BANA shall be free to assert any defenses available to it. Nothing in this Settlement Agreement shall be argued or deemed to estop any party from the assertion of such claims and defenses.

11.     **No Admission.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any party.

12.     **Stay of Proceedings.** All discovery and pre-trial proceedings, and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

13.     **Further Procedures.** Counsel for the parties are hereby authorized to agree to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

ORDER GRANTING PLAINTIFF COVELL'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT

3:19-cv-00264-DMS-MSB

14.   **Final Approval Hearing.** On **August 21, 2026**, at **1:30 p.m.** this Court will hold a Final Approval Hearing to determine whether the Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Final Approval Hearing, the following are certain associated deadlines in this Settlement.

| Event | Proposed Date |
|---|---|
| Last day to issue Notice and publish the Settlement Website | 40 days after entry of this Order |
| Claim deadline | 75 days after entry of this Order |
| Last day for Plaintiff to file Application for Attorneys' Fees, Costs, and Service Award | 30 days before the Opt-Out Deadline |
| Last day for Plaintiff to file Motion for Final Approval | 45 days before the Final Approval Hearing |
| Last day for Settlement Class Members to file an objection or opt out of the Settlement | 45 days before the Final Approval Hearing |

This Court may order the Final Approval Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, Plaintiff will not be required to provide any additional notice to Settlement Class Members.

Consistent with Paragraph 3.2 of the Settlement Agreement: (1) If Final Approval of the Settlement is not obtained, the Settlement is null and void, and the Parties will revert to their positions ex ante without prejudice to their rights, claims, or defenses, (2) the Court appoints and approves Kroll Settlement Administration LLC as the Settlement Administrator; (3) any appeal of the Court's order on the Fee and Costs Award or the motion for Service Award shall have no effect on the Court's Final Approval of the Settlement; and (4) the Class Representative, all Settlement Class Members (except those who are Successful Opt-Outs), and Class Counsel are prohibited and preliminarily

/ / /

/ / /

/ / /

6

enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Parties that asserts or purports to assert matters within the scope of the Release during the date this Order is entered and the Court's decision on final approval.

**IT IS SO ORDERED.**

Dated: March 12, 2026

Hon. Dana M. Sabraw
United States District Judge

7